**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| VICTOR STANLEY, INC., | ) |
| Plaintiff, | ) Case No. 2:17-cv-02933-RFB-CWH |
| | ) |
| v. | ) **ORDER** |
| | ) |
| CREATIVE PIPE, INC., et al., | ) |
| Defendants. | ) |

Presently before the court is plaintiff Victor Stanley, Inc.'s ("VSI") Motion to Transfer Subpoena-Related Dispute to Issuing District Court (ECF No. 1), filed on November 20, 2017. Subpoenaed party SCH Enterprises, LLC ("SCH") filed a response (ECF No. 5) on December 4, 2017. VSI filed a reply (ECF No. 10) on December 11, 2017. VSI filed a Notice of Related Order (ECF No. 14) on December 18, 2017.

Also before the court is VSI's Motion to Compel SCH to Comply With Subpoena (ECF No. 2), filed on November 20, 2017. SCH filed a response (ECF No. 6) on December 4, 2017. VSI filed a reply (ECF No. 11) on December 11, 2017.

**I.  BACKGROUND**

The parties are familiar with the facts of this case and the court will not repeat them here except where necessary. This dispute arises out of a copyright/patent infringement case that was filed in 2006 in the District of Maryland by VSI against Creative Pipe, Inc. ("Creative Pipe") and its owner, Mark Pappas ("Pappas"). An amended judgment was entered in favor of VSI and against Creative Pipe and Pappas in 2013. VSI represents that it has engaged in substantial post-judgment discovery and collection efforts. As part of those efforts, VSI served a subpoena for

return in this judicial district on SCH, a Nevada entity that is owned by Pappas' wife. According to VSI, SCH is the successor entity to Creative Pipe.

VSI now moves to transfer this subpoena-related dispute to the District of Maryland, which is the issuing court, and to compel enforcement of the subpoena on SCH. VSI argues there are exceptional circumstances that require transfer. Specifically, VSI argues that judicial economy favors transfer because the issuing court has been resolving disputes in the underlying matter for 11 years. VSI also argues that transfer will avoid inconsistent results as to the enforcement of requests for production of documents that were served on Pappas, the subpoena on SCH, and a subpoena issued to Pappas' wife, Jeanette Pappas, in the Southern District of Texas. VSI further argues that the subpoena bears on pending contempt proceedings against Pappas in the District of Maryland. Finally, VSI argues that the burden of transfer on SCH is minimal because it has no officers in Nevada or connection to Nevada besides the fact SCH was incorporated in Nevada and has a registered agent in Las Vegas.

SCH responds that there are no exceptional circumstances requiring transfer because SCH is not a party to the underlying matter in the District of Maryland and because the District of Maryland does not have personal jurisdiction over SCH. SCH further argues that judicial economy and avoiding inconsistent rulings would dictate transferring the matter to the Southern District of Texas where its managing member, Jeanette Pappas, resides. According to SCH, transferring the matter to the District of Maryland would be burdensome in terms of travel and litigating in a foreign jurisdiction.

VSI replies that the personal jurisdiciton of an issuing court over a subpoenaed party is not a factor because both the issuing court and the compliance court have authority to enforce an order related to compliance. VSI further replies that SCH does not provide legal authority that would authorize transfer to the Southern District of Texas. VSI also argues that SCH will not necessarily be required to travel to Maryland, and that if it is, Las Vegas, Nevada, and Baltimore, Maryland are equidistant from SCH's attorneys in Texas. After the motion to transfer was fully-briefed, VSI submitted an additional notice indicating that the Southern District of Texas transferred the subpoena-related dispute involving Jeanette Pappas to the District of Maryland, the issuing court.

## II. ANALYSIS

Under Rule 45 of the Federal Rules of Civil Procedure, the court where compliance with a subpoena is sought may transfer a subpoena-related motion to the court where the action is pending if the court finds "exceptional circumstances." Fed. R. Civ. P. 45(f). The Advisory Committee notes provide guidance as to when exceptional circumstances may be found:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45 Advisory Committee's note. It is within the court's discretion whether exceptional circumstances exist. *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014). Both the issuing court and the compliance court have jurisdiction to enforce orders relating to compliance with the subpoena or an order related to it. Fed. R. Civ. P. 45(g).

Here, the court finds that exceptional circumstances exist that permit transfer of the motion to compel to the District of Maryland. Judicial economy is served by transferring the motion because the District of Maryland has more than a decade of experience with the underlying litigation that puts it in a superior position to evaluate the relevance and proportionality of the documents requested in the subpoena. SCH's concern regarding inconsistent rulings is obviated by the fact that the Southern District of Texas also transferred the subpoena-related dispute involving Jeanette Pappas to the District of Maryland, so all issues will be resolved by the same court. Regarding the travel-related burden that may be imposed on SCH by transfer, the court notes that Advisory Committee's notes encourage judges to "permit telecommunications" to minimize travel costs after a Rule 45(f) transfer. Thus, the court finds that any burdens on SCH caused by the transfer to the District of Maryland are outweighed by the importance of judicial economy and consistent management of the underlying litigation. The court therefore will grant VSI's motion to transfer.

### III. CONCLUSION

IT IS THEREFORE ORDERED that plaintiff Victor Stanley, Inc.'s ("VSI") Motion to Transfer Subpoena-Related Dispute to Issuing District Court (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court must TRANSFER this matter to the District of Maryland.

IT IS FURTHER ORDERED that VSI's Motion to Compel SCH to Comply With Subpoena (ECF No. 2) is DENIED without prejudice for VSI to bring the motion in the District of Maryland.

DATED: December 19, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**